May 21, 2015

31,203-06

Dear Clerk:

Enclosed Please find a copy of two (2) Affidavits in support of Applicants Writ of Habeas Corpus (11.07) in Cause No: 2013-2331-C2A.

Ex parte Craig Mack

Craig Mack

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 26 2015

Abel Acosta, Clerk

Affidavit Challenging the Trial Court's "Prejudice And Bias" in "Refusing to Respond" To Affiant's First "Error:" "Trial Is Without Jurisdiction To Try The "Alleged Offenses", And Affiant's Third Error: "Trial Court Abuse Of Discretion".

## Craig Mack Vs. STATE OF TEXAS
## CAUSE NO: 2013-2331-CA2

1* On March 30, 2015, Affiant filed two(2) State Writs Of Habeas Corpus Pursuant to 11.07, with a Memorandum Of Law with supporting arguments and case law Pursuant to Tex. Rule Of App. Proc 73, In Cause numbers 2013-2073-C2, and 2013-2331-C2.

2* On April 07, 2015, the State filed, "State's Answer To An Application For Writ Of Habeas Corpus" by its Representative; Sterling Harmon.

3* Sterling Harmon, On April 07, 2015 did Knowingly, intentionally, deliberately and maliciously "refused" to "respond and address" every issue-Point of Error asserted in Affiant's Writs Of Habeas Corpus, with a Memorandum Of Law, supporting arguments and case law to support each and every Point of Error.

4* Affiant asserts the official misconduct of Sterling Harmon, is by definition "organized criminal activity and conspiracy to deprive Affiant of his Constitutional Rights; Due Process and Equal Protection Clauses violation; also Affiant's Right to be "heard" and freedom of speech".

5* See Article VI, of the United States Constitution which states: "This Constitution, and the Laws of the United States which shall be made Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the Supreme Law of the Land; and the "Judges" in every "States" shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding" end quote.

6* The 54TH District Court, through its representatives, John R. Vicha; Stephen Reed; Brian E. Howell; Karen Matkin; Abelino Reyna; Amanda Dillion; Honorable Judge Matt Johnson; Joseph Scaramucci; Brad Bond; Richard Johnson and Sterling Harmon, all in "Concert" has engaged in this Organized Criminal Activity of Conspiracy to deprive affiant of all of his Constitutional Protected Rights Under the Bill Bill of Rights of the United States Constitution, [1st thru 14th] and Article I, Sections § 9, 10 and 19, Of the Texas Constitution.

7* Affiant asserts as truth that all of the facts are within the nine (9) Pretrial Motions Affiants filed ① 05/23/2014; ③ 06/06/14; ④ 06/09/14, and ① 06/10/14, and all were served on the District Judge; the District Attorney and the District Clerk, and all three in "Concert" have attempted to keep affiant "silent" from revealing the truth by "refusing" to "respond" to Affiants Motions. ["Fraudulent Deception"]

8* In Affiants two (2) Writs of Habeas Corpus and Memorandum of Law, Sterling Harmon too "refused" to "respond" to "all" of the Points of Error therein in an attempt to "silent" affiant from exposing the Fraudulent "acts and omissions" of the trial court officials.

9* Affiant assert as truth that all of the named "Parties" herein are criminal offenses against the state Of Texas", and are "Due Process and Equal Protection Clause violation. their acts and omissions display throughout the "Fraudulent" trial court Preceeding.

10* Affiant further assert as truth that the Honorable Judge Matt Johnson is the "Ringleader", as Article VI, states: "the Judges in every State shall be bound thereby" end quote; Judge Matt Johnson has been appointed by GOD; however he has made up his own "decree" in his tribunal and execute "decrees" that override and totally two "ignore" the "Constitutions" existence; he makes his own "laws" in his tribunal.

11* "However, Silence can only equate with "Fraud" where there is a "legal" or "moral" "duty" to Respond, or where an inquiry left unanswered would be intentionally misleading." end quote. See: U.S. V. Prudden* 424 F.2d 1021 (1970).

12* Affiant asserts that the State representatives "do not" want their Fraudulent "acts and omissions" exposed; therefore, "they" will use any "fraudulent schemes or means" necessary to "keep affiant "silent". Due Process and Equal Protection Clauses Violations.

13* Affiant assert the truth that the trial court with Malice has already refused to "hear and rule" on mine (9) timely filed Pretrial motions and now, the trial court "refuse" to respond to two of affiants three Points of Error asserted in the State Writ of Habeas Corpus; which clearly amounts to "deep rooted Prejudice" against Affiant, whereby the trial court officials has breached their oath of official duties; breach of Fiduciary Duty, and Violation of Civil of Prisoner, a First-Degree Felony. TEX. PENAL CODE § 39.021.

14* Affiant assert that the State through its representatives named herein knowingly and intentionally convicted and sentenced Affiant on a Class A Misdemeanor; which the Judge and District Attorney can Change the Texas Penal Code § 38.04 (b), and made the offenses a third-degree felony with out a finding of a "Previous" conviction under this section which is a "element" of third-degree felony. Due Process and Equal Protection Clause Violation.

15* " As a matter of Due Process, an offender "may not" be sentenced on the basis of mistaken facts or unfounded assumptions". end quote. See: Townsend Vs Burke * 334 U.S. 736-740-741. (1948).

16* Affiant assert to see: White V State * 50 Sw3d 31, 45 (Tex. App.-Waco, 2001) "An issue Presented in an appellants brief is sufficient if it directs the attention of the appellate court to the error about which complaint is made". and quote. See Also: Burkhead * 135 Sw3d at 163; Miada V Fire Ins. Exch * 998 Sw2d 836, 839 (Tex. App-Forth Worth, 1999).

17* Affiant assert that the memorandum of law filed on March 30, 2015, Pointed to each and every error with supporting case law which, the States "representatives" fail to acknowledge and respond to with "MALICE INTENT", to Prejudice and injure Affiant.

3

18* "Subject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties." end quote. See: Taylor Elec. Vs. Armstrong Ele Supply* 167 Sw3d 552, 529 (Tex. App - Fort Worth, 2005); citing Bland ISD Vs. Blue* 34 Sw3d 547, 553-54 (Tex. Crim. App. 2000); Tex Ass'n Bus Vs. Tex. Air Control * 852 Sw2d 440, 443 (Tex. 1993). "The doctrine of standing is implicit in the concept of subject matter jurisdiction." end quote. See: Tex. Ass'n Of Bus *. 852 Sw2d at 443." "We review standing, as a component of subject matter jurisdiction, de novo." end quote. See: Arlington Vs. Scalf* 117 Sw3d 345, 347 (Tex. App - Forth Worth, 2003.

19* affiant assert that Honorable Judge Matt Johnson and his "subordinates" all are well aware of the "laws" of this state and the United States. on jurisdiction; whereby the District Court (54th) is without subject-matter jurisdiction to "try" the offenses of "Evading Arrest Retention With A Motor Vehicle"; Pursuant to Tex. Penal. Code Sect § 38.04 (b); Which are Class A, Misdemeanors.

20* See: Calton Vs. State* 132 Sw3d. 29, 33 (Tex. App - Forth Worth, 2004); and Calton Vs. State* 176 Sw3d 231, 234 (Tex. Crim. App. 2005), that the charged offenses buy statute are classified as Class A, Misdemeanors, and that Honorable Judge Matt Johnson, is "without jurisdiction", to "try" said causes: 2013-2073-C2 and 2013-2331-C2.

21* Also affiant asserts that the United States Supreme Court has held the "Racial Discrimination" in the selection of a grand jury or Petit jurors, render such a conviction "void". See: Long* Tex. Crim. 262, 340 Sw2d 58 (1960); Stoker* 169 Tex. Crim. 59, 331 Sw2d 310 (1960); Davis* 374 Sw2d 242 (Tex. Crim. App. 1964); Castanda Vs. Partida* 430 U.S. 482 (1977); Terrell * 139 Tex. Crim 130, 139 Sw2d 108 (1940); Nichol * 501 Sw2d 333, 334 (Tex. Crim. App. 1973); Dillard* 134 Tex. Crim. 220, 115 Sw2d 415 (1938); Vasquez Vs Hillery * 474 U.S. 254, 263; 106 Sct 617; 88 LEd 2d. 598 (1986); Ex Parte Coven* 277 Sw2d 109, 110-111 (Tex. Crim. App. 1955).

22* Affiant further assert that the District Attorneys, Abelino Reyna and Amanda Dillion both are "without jurisdiction" to "try" causes # 2013-2073-C2 and 2013-2331-C2, Per the statute at 40 U.S.C. section §255, with specific reference to interpertive note # 14; Affiant do hereby request that the court "ORDER" both District Attorneys to "Produce documentation", Per the statute to establish "their" criminal jurisdiction to try the "fraudulent causes" before the court.

23* Affiant assert that the trial court has knowingly, intentionally, deliberately and maliciously waived Affiants Point Of Error #1, the trial court is without subject matter jurisdiction. See: Taylor * 167 SW3d 522,529 (Tex. APP- Fort Worth, 2005).

24* "Under the authority of the administrative Procedure Act at 5 U.S.C section §556(d), "Burden of Proof", the Proponent for a rule or order bears the burden of Proof. The Supreme Court has stated that if any tribunal [court] finds absence of Proof of jurisdiction over Person and subject matter the case must be dismissed" end quote. See: Louisville Vs Motley * 211 U.S. 149.

25* Affiant asserts as truth that the State Of Texas, through its representatives has with "MALICE", waived Affiants First Point Of Error "Lack Of Jurisdiction", in an attempt to "escape its "burden of Proof"; whom has failed to establish its jurisdiction by documentation and therefore, a "judgment of acquittal is required by operation of law.

26* Affiant asserts as truth that "he" has been convicted and sentenced on the basis of "mistaken facts and unfounded assumptions"; a Class A Misdemeanor. See: Townsend Vs Burke 334 U.S. 736-741 (1948).

27* See also: Affiants Memorandum Of Law, supporting arguments and legal citations in support of Affiants two(2) State Writs Of Habeas Corpus; all three (3) documents were filed on March 30, 2015; and of which the trial court has "refused" to read and address every issue-Point asserted therein. Due Process and Equal Protection Clause violations with malice, Affiant suffers from mental anguish; emotional and mental distress and Physical Pain.

28* Honorable Judge Matt Johnson was Prejudice and Bias in "verbally" denying Affiant Motion For Self Representation without an independent hearing and without a written order, which amounts to "Racial Discrimination"; denial of Due Process of Law, Due Course of Law and the Equal Protection Clauses; and the trial Judge "forced" Applicant to accept the third Prejudice and Bias defense counsel of record whom "refused" to Put on any defense for the Applicant

29* See: Faretta vs. California* 422 U.S. 806-07; 819-20; 95 Sct. 2525; 45 LED 2d 562 (1975); Scarbrough * 777 SW2d 83 (Tex. Crim. APP. 1989) Williams * 252 SW 3d 353, 359 (Tex. Cir. APP. 2008) and Nelson* 810 SW 2d 753, 755 (Tex. APP - Dallas, 1991).

A, Craig Mack, do hereby declare under Penalty that the foregoing facts and information asserted herein are the truth, the whole truth.

Executed on this the 21th day of _____ May _____ 1 2015

_____
Craig Mack
Affiant

# Affidavit Of Ex Parte Craig Mack

State of ___Texas___

County of ___Anderson___

## Cause No: 2013-2331-CA2
## Ex Parte Craig Mack

*On March 30, 2015, Applicant filed two (2) State Writ Of Habeas Corpus, Pursuant to Tex. Code. Crim. Pro. Art. 11.07, and, Pursuant to Tex. R. App. Pro. 73, a Memorandum Of Law, with legal citations and supporting arguments; which the trial court knowingly, deliberately and intentionally with "MALICE" refused to acknowledge and mention due to "their" prejudice and Bias.

*Then on April 07, 2015, the State through its representative, Sterling Harmon filed, "State's Answer To An Application For Writ Of Habeas Corpus; See the second paragraph: "Concerning The Need For An Evidentiary Hearing"; latter Part Reads verbatim: "No evidentiary hearing is needed or warranted under this Application, because any information could be obtained by affidavit or otherwise". end quote

*Please note also Page two (2), Second Paragraph; "Answer Of The State; the last sentence under the first ground for relief states verbatim: "The Applicant alleges no matters which supports a lack jurisdiction by the trial Court". end quote.

*Applicant asserts as the truth, the whole truth. that the trial court Knowingly, intentionally and maliciously stated this "Perjury statement" Knowing that it was "false and intentionally misleading."

*Please Applicants Memorandum of Law Paragraphs # 8 - 11. and cited Colton Vs. State: 176 S.W 3d 234, 234 (Tex. Crim. App. 2005), that the charge offenses are by Statute Class A. Misdemeanors and therefore the trial court is without jurisdiction as a judgment of acquittal must be entered.

* The trial court has knowingly, intentionally and maliciously violated Applicant's fifth and fourteenth amendments right to Due Process and the Equal Protection Clause in "refusing" to address "all" grounds presented therein upon which relief shall be granted.

* "An issue presented in an Appellants Brief is sufficient if it directs the attention of the Appellate Court to the error about which complaint is made". end quote: See: White V State * 50 S w 3d 31, 45 (Tex. APP- Waco, 2001) quoting: Bankhead * 135 S w 3d at 163 and Miada Vs Fire In& Exch * 99 0 S w 2d 836, 839 (Tex. APP- Forth Worth, 1991).

"he" * Applicant asserts as the truth that in his Memorandum Of Law he clearly points out "every" error asserted therein the Application For Writ Of Habeas Corpus filed on March 30, 2015 alone with the accompanying Memorandum Of Raw; and that the trial is denying Applicant of his constitutional right to be "Heard".

* "As a matter of Due Process, an offender may not be sentenced on the basis of mistaken facts or unfounded assumptions" end quote See: Town send Vs. Burke * 33 4 U.S. 736-740-741 (1948).

* Applicant asserts as the truth that the trial court has "fraudulently, illegally and unlawfully" charged and convicted applicant on "mistaken facts"; a [third-degree felony] which is a Class A Misdemeanor by Statute under Calton Vs State: 132 Sw 3d 29, 33 [Tex APP-Fort Worth, 2004); Calton Vs State * 176 Sw 3d 231, 234 (Tex Crim. APP. 2005)

* "However silence can only equate with "Fraud" where there is a legal or moral duty to respond or where an inquiry left unanswered would be intentionally misleading". end quote

* The trial court intentionally and knowingly committed this "fraudulent" act and omission to keep the "Higher Courts", the Court Of Criminal Appeals from hearing and ruling on "relevant issue"; in said "Higher Court" has already "ruled" in the cause of Calton Vs State * 176 Sw 3d 231, 234 (Tex. Crim. APP. 2005)

* See also: The ORDER, Page 2 of 3, states: "The trial court determines that these issues can be resolved by affidavit and a hearing is not necessary. Therefore, the trial court enters the following

2

orders:" V.R. Vicha is hereby ORDERED to provide this court with his affidavit addressing Applicants claims and the issues designated above. Applicant is hereby ordered to provide this Court with any additional information or Proof Applicant believes would be helpful to this Court in resolving the issues Presented herein.

* The Clerk of the Court is hereby ORDERED: (1) To deliver to J.R. Vicha Moore copies of: (a) The Application filed on March 30, 2015; (b) The State's Answer filed on April 07, 2015; and (c) This Order; (2) To deliver to the Court Of Criminal Appeals a copy of this Order; Unless a continuance is granted, all affidavits and Proof shall be filed with the Clerk of this Court no later than May 07, 2015. This Court will enter appropriate findings no later than May 21, 2015." end quote.

* Applicant assert as the truth, the whole truth that the trial Judge Order is "Fraudulent" and "intentionally" Presents "misleading information." First, of all the trial court "refused" to acknowledge and adopt into the trial court records Application legitimate filed Memorandum of Law, which was filed with the Applications For Writ Of Habeas Corpuses on March 30, 2015, addressing each Point of Error.

* On May 13, 2015, applicant received a copy of the affidavit of J.R. Vicha. which was "allegedonly" filed on April 10, 2015 at 3:12 PM, three (3) days after the Judges ORDER on April 07, 2015.

* Then on May 20, 2015, applicant received the "Findings Of Fact and Conclusion Of Law On An Application For Writ of Habeas Corpus, filed by Judge Matt Johnson on May 07, 2015 at 3:01 P.M. the date "he" ORDERED the affidavits to be filed with the court; and that "he" would enter appropriate findings no later than May 21, 2015.

* Applicant has clearly shown the "fraudulent, Perjury, Prejudice and Bias" of the trial court and the "multiple" constitutional violations state therein; on April 18, 2015, Applicant filed a seventeen (17) Page "Affidavit Of Unresolved Issues In Applicants Application

For Writ of Habeas Corpus, address to the District Clerk; and once again the trial court "refused" to mention, address or adopt into the trial court records Applicant Affidavit; however, Judge Matt Johnson states on Page 2 of 4, "Findings and Conclusions" Paragraph #24 "The affidavit is found to be true, correct and worthy of belief. The affidavit is accepted "for all Purposes", end quote.

* Applicant assert as truth that the trial Judge Matt Johnson clearly has shown Prejudice, Bias and Racial Discrimination again "he" ordered Applicant to file anything to help resolve the issues; however, the trial Judge "refused" to acknowledge Applicants affidavit and Memorandum of Law which is a total miscarriage of Justice violating Applicants Due Process of Law; Due Cause of Law and Equal Protection Clause of the Law of this state and the United States; 5th, 1st and 14th Amendment Violation Discrimination

* Please explain to Applicant the Bias and Prejudice of the trial court officials whom deliberately, intentionally and maliciously Present "fraudulent" and false misrepresentation of the law and facts to deprive Applicant of all of "his" constitutional Protected rights under the Bill of Rights. Purposefully Discrimination against the Applicant a Poor "fraudulently illegally and unlawfully detained Prisoner.

* All of these trial court document and ORDERS are "fraudulent documents" Presented in a Conspiracy to deprives Applicant of his constitutional rights under the 1st, 5th, 6th, 8th and 14th Amendment of the U.S. Constitution, Article I, Sections 8.9, §10, §13 and §19, of the Texas Constitution.

* I, Craig Mack, do hereby declare under Penalty of Perjury that the forgoing facts and information are the truth, the whole truth Executed on this the 21st day of ___May___, 2015

Craig Mack
_____
Affiant

4